UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BILLY E. CARR,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:17-cv-00516-MMD-WGC<br><br>ORDER |

This habeas matter comes before the Court on a pending show-cause inquiry as to whether the petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d) together with petitioner's motion for appointment of counsel (ECF No. 5). This order follows upon the Court's earlier show-cause order (ECF No. 3) and petitioner's response thereto (ECF No. 6).

**I.　BACKGROUND**

Petitioner Billy Carr challenges his Nevada state judgment of conviction, pursuant to a jury verdict, of burglary and grand larceny and his sentencing as a habitual criminal.[1]

The original judgment of conviction was entered on December 14, 2010, in No. 10C262564 in the state district court.

---

[1] In addition to the materials available via online legal research and those submitted by petitioner with his response, the Court has taken judicial notice of the online docket records of the state district court and state appellate courts. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). (See ECF No. 3, at 1 n.1.) The online docket records of the state courts may be accessed from: https://nvcourts.gov/Supreme/
and https://www.clarkcountycourts.us/Anonymous/default.aspx.

The Supreme Court of Nevada affirmed the conviction on direct appeal on July 27, 2012; and the court denied a petition for reconsideration *en banc* on November 28, 2012, in No. 57553 in that court. The ninety-day time period for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on February 26, 2013.

On August 8, 2013, petitioner filed a timely state post-conviction petition in the state district court. The state appellate courts affirmed the denial of the petition on the merits on August 17, 2016; and the remittitur concluding the state post-conviction appeal issued on September 13, 2016, in No. 68899 in those courts.

Julian Gregory had been appointed as counsel for petitioner in the state post-conviction proceedings. Gregory represented petitioner in both the state district court and state appellate courts during those proceedings.

Petitioner asserts in his show-cause response that "on Dec. 19th, 2016, Petitioner received a letter from Counsel concluding his representation in my case and to further remind me that I have 365 days to file a petition from the order dated (09/13/16) from the letter." (ECF No. 6, at 3.)[2]

Petitioner attaches with his response a copy of a December 19, 2016, letter from Gregory. The body of the letter reads as follows:

> Enclosed please find the Remittitur for the above referenced case. This concludes my representation in your case.
>
> Please be aware that you have 365 days from the date on the order (09/13/16) within which to file a post-conviction petition. The time remaining after you file your state post-conviction petition is your deadline for your federal petition. I encourage you to file your state petition as soon as possible as you must file your state petition before filing in federal court.

(ECF No. 6, at 23.)[3]

///

///

---

[2] All page citations are to the page numbering in the electronic header generated by CM/ECF rather than to any internal page numbering in the original document.

[3] As discussed further, *infra,* Gregory apparently sent Carr a termination letter that was appropriate for the conclusion of a direct appeal rather than a post-conviction appeal.

2

Petitioner maintains that "[f]rom the letter, Petitioner thought, he had 1 year to file the state petition and federal petition in which I did file both before the 365 days was up." (ECF No. 6, at 3.)

Petitioner further maintains that the September 13, 2016, remittitur was not enclosed with Gregory's December 19, 2016, letter. He maintains that he repeatedly tried to call counsel's office and finally got through to Gregory's legal assistant Tannia Garcia the first week of April 2017. She then sent him a copy of the remittitur. (ECF No. 6, at 3-4.) The copy of Garcia's April 11, 2017, letter attached with the show-cause response states that a copy of the remittitur had been enclosed with the original December 19, 2016, transmittal but that Garcia was enclosing another copy. She enclosed with the letter a copy of the remittitur along with a copy of the earlier letter with the remittitur. (ECF No. 6 at 25-28.)

Petitioner maintains that "the only extraordinary circumstance that might have prevented my untimely filing was not receiving the remittitur until April 12th, 2017." (ECF No. 6 at 4.) No filing other than the bare one-page remittitur was sent with Garcia's letter.

Petitioner thereafter filed a second state petition in the state district court on May 17, 2017. The state district court dismissed the petition as untimely and successive only a short time after its filing, per a July 26, 2017, bench ruling and a September 5, 2017, notice of entry of a written decision and order. (*See* ECF No. 6 at 14-19.)[4] Petitioner did not appeal the dismissal of the petition, and the time to do so expired on Monday, October 9, 2017.[5]

No other timely petitions, motions, or other proceedings seeking collateral review of the conviction (as distinguished from motions seeking other procedural relief) were pending in the state courts prior to the constructive filing date of the federal petition.

---

[4]Per the online state district court docket, notice of entry of the August 30, 2017, findings of fact, conclusions of law and order was mailed on September 5, 2017.

[5]Nevada does not have a legal holiday for Columbus Day, which otherwise fell on October 9, 2017.

3

There have been no intervening amended or corrected judgments of conviction filed in the district court.

Petitioner mailed the federal petition to the Clerk for filing no earlier than August 17, 2017, although the federal petition is dated May 10, 2017, one week prior to the filing of the second state petition. Carr presents no competent evidence with the show-cause response establishing an earlier constructive filing date.[6]

**II. DISCUSSION**

**A. Base Calculation of the Limitation Period**

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, absent a basis for tolling or delayed accrual, the federal limitation period therefore began running after the February 26, 2013, expiration of the time to file a *certiorari* petition.

Petitioner's timely first state petition statutorily tolled the running of the limitation period under § 2244(d)(2), however, from the August 8, 2013, filing date through the September 13, 2016, issuance of the remittitur, 162 days elapsed between February 26, 2013, and August 8, 2013.

///
///

---

[6]The petition is signed and dated May 10, 2017, which was a week before the filing of petitioner's second May 17, 2017, state petition. (ECF No. 1-1 at 29.) However, petitioner indicated August 14, 2017, on the first page of the petition in response to an inquiry as to the date of mailing. (ECF No. 1-1, at 1.) He attached with the petition, *inter alia*, minutes from the July 26, 2017, state district court proceeding at which the court directed from the bench that the second state petition be dismissed, with the minutes bearing an August 8, 2017, print date. (ECF No. 1-1 at 35.) The financial certificate submitted with the pauper application was executed by an authorized correctional officer on August 17, 2017; and the inmate account statement also extends through that date. (ECF No. 1 at 3-4.) Petitioner signed both his motion for appointment of counsel and the acknowledgment page for the pauper application as dated on "April" 18, 2017. (ECF No. 1-2 at 2 & 3.) The petition was received and filed by the Clerk on August 25, 2017.

4

Accordingly, absent other tolling or delayed accrual, the federal one-year limitation period expired 203 days after the September 13, 2016, remittitur, on April 4, 2017.

The federal petition was constructively filed no earlier than August 17, 2017, which was over four months after the federal limitation period had expired, absent other tolling or delayed accrual.

Petitioner's untimely May 17, 2017, state petition could not operate to statutorily toll the federal limitation period if it already had expired. Further, an untimely state petition is not "properly filed" for purposes of § 2244(d)(2); and petitioner's putatively untimely state petition thus could not statutorily toll the federal limitation period in any event. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

Accordingly, absent a basis for either delayed accrual or other tolling, the federal limitation period expired on April 4, 2017.

The federal petition was not constructively filed until on or after August 17, 2017, over four months (135 days) after the limitation period putatively had expired.

**B.  Equitable Tolling**

Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

At the outset, petitioner has failed to come forward with competent evidence in response to the show-cause order. The show-cause order specifically informed petitioner, *inter alia*, that: (1) "all assertions of fact made by petitioner in response to this show-cause order . . . must be supported by competent evidence;" (2) "[t]he Court will not consider any assertions of fact . . . that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge . . . and/or that are not supported by competent evidence filed by petitioner in the federal record;" and (3) "[u]nsupported assertions of fact will be disregarded." (ECF No. 3 at 6.) None of the factual assertions made by petitioner in his show-cause response were made pursuant to a declaration under penalty of perjury, either as to the factual particulars alleged or the authenticity of the documents attached.

In any event, even if petitioner's factual assertions instead were supported by competent evidence, his presentation fails to establish a potentially viable basis for equitable tolling.

Petitioner maintains that an extraordinary circumstance stood in the way of and prevented a timely filing because: (1) his post-conviction counsel erroneously told him in the December 19, 2016, letter that he had 365 days from the September 13, 2016, remittitur to file timely state and federal petitions but that he needed to file a state petition first; and (2) the September 13, 2016, remittitur allegedly was not actually enclosed with the December 19, 2016, letter; and he did not receive the remittitur until April 12, 2017. (*See* text, *supra*, at 2-3.)

Taking the second point first, the alleged delay in receipt of a copy of the September 13, 2016, remittitur did not stand in the way of and prevent a timely filing of a federal petition. The December 19, 2016, letter told petitioner that "you have 365 days from the date on the order (09/13/16) within which to file a post-conviction petition." (ECF No. 6 at 23.) The situation presented is unlike cases where an attorney fails to inform a petitioner that the state proceedings had concluded and the petitioner thus has no idea that the limitation period was running against him. Counsel instead informed

petitioner not only that the limitation period was running but indeed that it had been running for over three months at the time of the letter. Petitioner was on notice that he needed to act, and he did not need an actual copy of the one-page remittitur — a bare document equivalent to a mandate — to prepare and file a federal petition.

On the first point, counsel's erroneous advice with regard to the time remaining in the state and federal limitation periods in the December 19, 2016, letter also does not provide a viable basis for equitable tolling under controlling law. It would appear that counsel mistakenly sent petitioner a termination of representation letter for the conclusion of a direct appeal rather than a post-conviction appeal. There would be no other reason for counsel to tell petitioner both that he had a full 365 days from the remittitur to file a post-conviction petition and that he needed to file a state petition before he filed a federal petition.[7] That advice was out of place — on both points — in a termination of representation letter sent instead after the conclusion of proceedings on a state post-conviction appeal.

It is established law, however, that such mistake, inadvertence, error, miscalculation and/or negligence by counsel does not present an extraordinary circumstance establishing a potentially viable basis for equitable tolling. In *Lawrence v. Florida*, 549 U.S. 327 (2007), the Supreme Court rejected the petitioner's contention that "his counsel's mistake in miscalculating the limitations period entitle[d] him to equitable tolling." 549 U.S. at 336. The Court held: "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." 549 U.S. at 336–37. A long line of Ninth Circuit authority further uniformly holds that attorney negligence, mistake or error in calculating the federal limitation period does not provide a basis for equitable tolling. *See, e.g., Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir.2010); *Spitsyn*, 345 F.3d at

---

[7]In Nevada criminal cases where the defendant files a timely direct appeal, the one-year period under NRS § 34.726 to timely file a state post-conviction petition runs from the date that the state supreme court issues the remittitur. *E.g., Gonzales v. State*, 53 P.3d 901, 902 (Nev. 2002).

800; *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001); *see also Miranda*, 292 F.3d at 1065-68 (the attorney's incorrect and thus misleading advice to the petitioner as to the calculation of the limitation period constituted negligence that did not give rise to equitable tolling). Moreover, the *pro se* petitioner's lay status and ignorance of the law otherwise is not an extraordinary circumstance giving rise to equitable tolling. *E.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009). Petitioner accordingly cannot establish a viable basis for equitable tolling sufficient to render the August 17, 2017, federal petition timely.

This conclusion follows even if the Court affords petitioner the benefit of "stop-the-clock" equitable tolling[8] from the September 13, 2016, issuance of the remittitur through his receipt of Gregory's December 19, 2016, termination letter informing him that the remittitur had issued and that the limitation period thus had been running since September 13, 2016. An allowance of approximately 100 days of equitable tolling — slightly over three months — will not render a petition timely that was filed 135 days — over four-and-a-half months — after the otherwise putative expiration of the federal limitation period on April 4, 2017.[9]

Petitioner in fact filed a state petition on May 17, 2017; and the federal petition, although not actually tendered by petitioner for mailing until on or after August 17, 2017, initially was dated May 10, 2017.[10] On the showing made, the cause of petitioner's failure to file a timely federal petition even within a limitation period extended by 100 days of equitable tolling would appear to be state post-conviction appeal counsel's

///

---

[8] *See, e.g., Luna v. Kernan*, 784 F.3d 640, 651-52 (9th Cir. 2015).

[9] Petitioner asserts in his response, that "[o]n Dec. 19th, 2016, Petitioner received a letter from Counsel concluding his representation in my case and to further remind me that I have 365 days to file a petition from the order dated (09/13/16)." (ECF No. 6 at 3.) The petitioner was informed by the show-cause order that his response "must be detailed [and] . . . specific as to time and place." (ECF No. 3 at 6.) Petitioner, who in all events has the burden of proof in establishing a factual basis for equitable tolling, failed to demonstrate in response to the show-cause order that he received the letter on a materially later date.

[10] *See* note 6, *supra*.

mistaken advice: (a) that petitioner had 365 days from September 13, 2016, to file; and (b) that he first must file another state petition prior to filing a federal petition. Under the established law cited previously, such erroneous and mistakenly given advice does not provide a viable basis for equitable tolling.

The petition accordingly will be dismissed with prejudice for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d).

### C. Motion for Appointment of Counsel

Petitioner's motion for appointment of counsel (ECF No. 5) will be denied. Petitioner has not presented a potentially viable basis for equitable tolling and/or one that requires development of further facts not otherwise within petitioner's knowledge and control. The Court does not find that the interests of justice otherwise require the appointment of counsel herein. The form motion does not lead to a contrary conclusion.

## III. CONCLUSION

It is therefore ordered that the petition will be dismissed with prejudice as untimely.

It is further ordered that the Court denies a certificate of appealability, as reasonable jurists would not find the district court's dismissal of the petition as untimely to be wrong or debatable, for the reasons discussed herein. State post-conviction appeal counsel's mistaken and erroneous advice as to the limitation period in his December 19, 2016, termination of representation letter does not provide a viable basis for equitable tolling under established law. Moreover, any alleged nonreceipt with that letter of a copy of the remittitur — a one page essentially bare document — does not excuse the untimely filing particularly given that counsel correctly informed petitioner that the state proceedings had concluded and that the limitation period thus already was running. Even with the benefit of an added 100 days of equitable tolling for the period between the September 13, 2016, issuance of the remittitur and the December 19,

///

///

2016, termination letter, the federal petition nonetheless still was untimely by more than a month.

It is further ordered that petitioner's motion for appointment of counsel (ECF No. 5) is denied.

It is further ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk will make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

The Clerk of Court will enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED THIS 19th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE